UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MICHAEL J. DEPAOLI,

                    Plaintiff,

        -against-

HON. JOHN C. BIVONA, JSC

                    Defendant.
----------------------------------------------------------X
FEUERSTEIN, District Judge:

ORDER
12-CV-0359 (SJF)(ARL)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★  FEB 22 2012  ★

LONG ISLAND OFFICE

I.    INTRODUCTION

On January 24, 2012, *pro se* plaintiff Michael J. DePaoli ("plaintiff") filed a complaint in this Court against defendant, the Honorable John C. Bivona ("Justice Bivona"), Justice of the New York State Supreme Court, together with an application to proceed *in forma pauperis*. Plaintiff's financial status, as set forth in the declaration in support of his application to proceed *in forma pauperis*, qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's application to proceed *in forma pauperis* is granted. However, for the reasons set forth below, the complaint is *sua sponte* dismissed with prejudice.

II.    THE COMPLAINT

In his complaint, plaintiff alleges:

> "Under the juristiction [sic] of the Supreme Court held by Hon. John C. Bivona during the proceedings held by him during 2010, 2011 up and until his court order of Jan 20, 2012 under index # 36305/2009 this Supreme Court justice violated my US Constitutional rights under Art. #1 with abridgement of speech and

> redress of grievances, Art. #4 unreasonable seizures of personal effects and property and monies and others, Art. #5 deprivation of property and liberties without due process of law, Art. #7 rights of trial by jury, and others under Art. #9, Art. #10 and Art. #14 in addition the Hon. John C. Bivona violated my rights under the Americans with Disabilities Act and other federal rights and civil rights and also discriminated against me due to my age, race, religion, ethnicity, gender and socio economic status. He also failed in his judicial fiduciary responsibilities and was biased, discriminatory, and very partial to the plaintiff and plaintiff's counsel in all their affairs making his actions unbecoming that of a NYS Supreme Court Justice."

(Compl. at ¶ III(C)).[1]

Plaintiff seeks, *inter alia*, "an immediate injunction against any and all actions, motions and decrees taken by/made by [Justice Bivona]" and unspecified monetary damages. (Compl., at ¶ V).

III. DISCUSSION

　　A.　　The *In Forma Pauperis* Statute

A district court is required to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B).

It is axiomatic that district courts are required to read *pro se* complaints liberally, see Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting Estelle v.

---

[1] Plaintiff filed a nearly identical *in forma pauperis* complaint against Hon. Carol Mackenzie, New York State Supreme Court, Suffolk County, see DePaoli v. Mackenzie, 10-CV-3560(SJF)(ARL), which was *sua sponte* dismissed with prejudice as barred by the doctrine of judicial immunity. Justice Mackenzie apparently recused herself in the Supreme Court proceedings in or about December 15, 2010, following which the action was reassigned to Justice Bivona. (Compl., ¶ III(B)).

Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)); Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest[].'" Chavis, 618 F.3d at 170 (quoting Harris v. City of New York, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. Sept. 2010); see also Jackson v. Birmingham Board of Education, 544 U.S. 167, 171, 125 S.Ct. 1497, 161 L.Ed.2d 361 (2005).

B.  Immunity from Suit

Plaintiff's claims seeking retroactive relief, including monetary damages, are barred by the doctrine of absolute judicial immunity, which allows such claims to proceed against judges only for: (1) "non-judicial actions, i.e., actions not taken in the judge's judicial capacity;" or (2) "actions, though judicial in nature, taken in the complete absence of all jurisdiction." Mireles v. Waco, 502 U.S. 9, 11-12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (internal citations omitted); see Stump v. Sparkman, 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error ... or was in excess of his authority." Mireles, 502 U.S. at 11, 112 S.Ct. 286 (quoting Stump, 435 U.S. at 356, 98 S. Ct. 1099).

Moreover, plaintiff's claim seeking injunctive relief is barred by statutory judicial immunity under Section 1983. See Montero v. Travis, 171 F.3d 757, 761 (2d Cir. 1999); see also McKnight v. Middleton, 699 F.Supp.2d 507, 524-25 (E.D.N.Y. 2010), aff'd, 434 Fed. Appx. 32

3

(2d Cir. Oct. 5, 2011). Section 1983 provides, in relevant part, that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." See Jacobs v. Mostow, 271 Fed. Appx. 85, 88 (2d Cir. Mar. 27, 2008) (holding that claims for prospective injunctive relief against a judicial officer are not available under Section 1983 absent an allegation of a violation of a prior declaratory decree).

Since, *inter alia*: (1) all of plaintiff's claims relate to actions taken in Justice Bivona's judicial capacity and (2) plaintiff does not allege (a) that Justice Bivona acted outside of his role as a judicial officer, without jurisdiction or in violation of a declaratory decree or (b) that declaratory relief is unavailable, the complaint is dismissed in its entirety with prejudice.

C.  The All Writs Act

As noted above, plaintiff commenced this second action against a New York State Supreme Court Justice notwithstanding that his prior action, against the previously-assigned justice in his state court proceeding, was dismissed with prejudice as barred by absolute judicial immunity. Under the All-Writs Act, a federal district court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The All-Writs Act "grants district courts the power, under certain circumstances, to enjoin parties from filing further lawsuits," MLE Realty Assocs. v. Handler, 192 F.3d 259, 261 (2d Cir. 1999); see also Safir v. U.S. Lines, Inc., 792 F.2d 19, 23-4 (2d Cir. 1986), including circumstances in which a litigant engages in the filing of repetitive and frivolous lawsuits. See, e.g. Malley v. New York City Board of Educ., 112 F.3d 69 (2d Cir. 1997) (per

4

curiam) (affirming the imposition of a filing injunction after the plaintiff filed numerous complaints based upon the same events which were repetitively dismissed); In re Martin-Trigona, 9 F.3d 226, 227-28 (2d Cir. 1993). Such an injunction may not be imposed, however, unless the Court provides the party to be enjoined with notice and an opportunity to be heard. See Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam); MLE Realty, 192 F.3d at 261.

Plaintiff is hereby advised that his repeated filing of *in forma pauperis* complaints against New York State Supreme Court Justices presiding over state court proceeding(s) to which he is a party is deemed to be an abuse of the judicial process. The Court has an "obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) (internal citations, alterations and punctuation omitted). Accordingly, plaintiff is cautioned that any future frivolous filings against any New York State Supreme Court Justice presiding over a state court proceeding to which plaintiff is a party will not be tolerated and may result in sanctions being imposed against him, including an injunction against future Court filings without first seeking leave of Court.[2]

VI. CONCLUSION

For the reasons set forth above, plaintiff's application for leave to proceed *in forma*

---

[2] In the event such a filing injunction is imposed, the Clerk of the Court will be directed to return to plaintiff, without filing, any filing received by plaintiff without a clear application seeking leave to file and, in the event any such action is commenced without leave of Court, the Court will *sua sponte* dismiss such action with prejudice and without further notice to plaintiff.

*pauperis* is granted and the complaint is *sua sponte* dismissed in its entirety with prejudice. The Clerk of the Court is directed to close this case and, pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, to serve notice of entry of this order upon all parties in accordance with Rule 5(b) of the Federal Rules of Civil Procedure, including mailing a copy of this order to plaintiff at his address of record pursuant to Rule 5(b)(2)(C).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962).

SO ORDERED.

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated: February 22, 2012
Central Islip, New York